UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE TORRES,<br><br>          Plaintiff,<br><br>     v.<br><br>LITTON LOAN SERVICING LP,<br><br>          Defendants. | 1:10-cv-01709-OWW-SKO<br><br>MEMORANDUM DECISION REGARDING DEFENDANTS MOTION TO DISMISS (Doc. 7) |

## I. INTRODUCTION.

Plaintiff Jorge Torres ("Plaintiff") brings this action for damages against Litton Loan Servicing LP. Plaintiff filed a complaint in California Superior Court for the County of Kern on July 23, 2010. (Doc. 1). Defendant removed Plaintiff's action to federal court on September 17, 2010. (Id.).

Defendant filed a motion to dismiss Plaintiff's complaint on October 12, 2010. (Doc. 7).

Plaintiff did not file timely opposition to Defendant's motion. Local Rule 230(c) requires opposition to be filed no less than fourteen days preceding the noticed hearing date. E.D. Cal. R. 230(b). Defendant's motion to dismiss was initially set for December 13, 2010. As of December 13, Plaintiff's counsel had not requested a continuance and had not filed opposition.  Nor did

1

Plaintiff's counsel appear at the December 13 hearing.

At the hearing on December 13, Defendant's counsel represented that a potential settlement was underway, and the court continued the hearing to January 10, 2011. The court ordered Plaintiff to file opposition by December 23, 2010. (Doc. 10). Plaintiff filed opposition on December 24, 2010. (Doc. 11).

Defendant filed a reply on January 3, 2011.

## II. **FACTUAL BACKGROUND**.

Defendant is engaged in "mortgage activities." (Comp. at 3). On June 10, 2009, Plaintiff entered into a "Trial Loan Modification Plan" with Defendant ("the Plan"). (Id.). Pursuant to the Plan, Plaintiff was required to make three trial payments; Plaintiff made nine payments. (Id. at 4).

On June 16, 2010, Plaintiff received another solicitation from Defendant for a loan modification plan. (Id.) On June 22, 2010, Plaintiff spoke with Defendant and was assured that his loan modification would be processed and reviewed. (Id.). On June 26, 2010, Plaintiff re-sent the paperwork to Defendant for the loan modification.[1] (Id.). On or about June 29, 2010, Defendant conducted a trustee sale on Plaintiff's property. (Id.).

## III. **LEGAL STANDARD**.

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual

---

[1] The complaint is ambiguous regarding which modification plan this allegation pertains to. (See Comp. at 4).

**2**

allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

3

...

inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

## IV. DISCUSSION.

**A. First Cause of Action: Wrongful Foreclosure**

Plaintiff contends that Defendant did not comply with certain provision of the Home Affordable Modification Plan ("HAMP"). (Comp. at 5-6). The complaint fails to allege facts sufficient to establish that Defendant is subject to HAMP. More importantly, the consensus among district courts in the Ninth Circuit is that there is no private right of action under HAMP. *E.g. Benito v. Indymac Mortgage Serv.*, 2010 U.S. Dist. LEXIS 51259, 2010 WL 2130648, *7 (D. Nev. 2010); *Wright v. Bank of America, N.A.*, 2010 U.S. Dist. LEXIS 73807, 2010 WL 2889117, *5 (N.D. Cal. Jul. 22, 2010); *Inman v. Suntrust Mortgage, Inc.*, 2010 U.S. Dist. LEXIS 91804, 2010 WL 3516309, *2 (E.D. Cal. Sept. 3, 2010). Plaintiff does not oppose Defendants contention that Plaintiff's first cause of action should be dismissed with prejudice because Plaintiff lacks standing to prosecute a claim for violation of HAMP.

///

**4**

Plaintiff's claim is DISMISSED, without prejudice to plaintiff filing a cognizable claim for wrongful foreclosure.

**B. Second Cause of Action: Breach of Contract**

Plaintiff contends Defendant breached the Plan, presumably by conducting a foreclosure sale after sending Plaintiff the Plan. The complaint fails to allege facts sufficient to state a claim for breach of contract.

"The standard elements of a claim for breach of contract are (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *E.g. Abdelhamid v. Fire Ins. Exchange*, 182 Cal. App. 4th 990, 999 (2010). *Inter alia*, the complaint does not allege facts sufficient to establish that the Plan ever became a binding contract between the parties. The Plan expressly provides that it may be terminated if "the Lender does not provide [ ] [Plaintiff] a fully executed copy of [ ] [the] Plan and the Modification Agreement" prior to the effective date of the modification. (Williams Dec., Ex. A).[2] Plaintiff does not allege that he ever received an executed copy of a loan modification agreement. Plaintiff's breach of contract claim is DISMISSED, without prejudice.

**C. Third Cause of Action: Fraud**

Federal Rule of Civil Procedure 9(b) imposes an elevated pleading standard with respect to fraud claims. Rule 9(b) provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or

---

[2] As the Plan is attached to the complaint and incorporated by reference therein, it may be considered in deciding a motion under Rule 12. The copy attached to Plaintiff's complaint is illegible due to poor image quality.

5

mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

"To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted). Allegations of fraud must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Id.* (internal quotation marks omitted). The "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted). A plaintiff alleging fraud "must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

The complaint's vague, general allegations lack the particularity needed to satisfy Rule 9. The complaint merely advances conclusory allegations that track the elements of a fraud cause of action. Plaintiff's fraud claim is DISMISSED, without prejudice.

**D. Fourth Cause of Action: Unfair Business Practices**

California law prohibits unfair competition including "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 1700 et seq. ("UCL"). Because the statute is written in the disjunctive, it applies separately to business acts or practices that are (1) unlawful, (2) unfair, or (3) fraudulent. *See*

**6**

1  *Pastoria v. Nationwide Ins.*, 112 Cal.App.4th 1490, 1496, 6 Cal.
2  Rptr. 3d 148 (Cal.Ct.App. 2003). Each prong of the UCL is a
3  separate and distinct theory of liability. See id.
4      The complaint alleges that Defendant engaged in an unfair
5  business practice, however, the complaint fails to identify such
6  practice.  To the extent the UCL claim is predicated on Plaintiff's
7  allegations of wrongful foreclosure, fraud, or breach of contract,
8  it is insufficient for the reasons stated above.  Plaintiff's UCL
9  claim is DISMISSED, without prejudice.

**E. Fifth Cause of Action: Misrepresentation**

Plaintiff alleges that Defendant misrepresented that if Plaintiff made three payments under the plan, he would be entitled to loan modification. However, as Plaintiff's own allegations make clear, Plaintiff was also told that there were other conditions precedent to his loan modification; the complaint fails to allege that such conditions precedent were satisfied.  Further, the complaint lacks sufficient factual allegations to support Plaintiff's contention that Defendant knowingly mislead Plaintiff into believing that if he made three payments under the Plan, he would automatically be given loan modification. Plaintiff's claim for misrepresentation is DISMISSED, without prejudice.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Defendant's motion to dismiss the complaint is GRANTED in its entirety;

2) Plaintiff's complaint is DISMISSED, without prejudice;

3) Plaintiff shall file an amended complaint within fourteen (14) days of service of the Memorandum Decision. Defendants

**7**

shall filed a response within ten (10) days of service of the amended complaint; and

4) Defendants shall submit a form of order consistent with this Memorandum Decision within five (5) days following electronic service of this decision.

IT IS SO ORDERED.

**Dated:   January 18, 2011**               /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE

**8**