UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE TORRES,<br><br>    Plaintiff,<br><br> v.<br><br>LITTON LOAN SERVICING LP,<br><br>    Defendants. | 1:10-cv-01709-OWW-SKO<br><br>MEMORANDUM DECISION REGARDING DEFENDANTS MOTION TO DISMISS FIRST AMENDED COMPLAINT (Doc. 19) |

## I. INTRODUCTION.

Plaintiff Jorge Torres ("Plaintiff") brings this action for damages against Litton Loan Servicing LP. Plaintiff filed a first amended complaint ("FAC") on February 2, 2011. (Doc. 16).

Defendant filed a motion to dismiss Plaintiff's complaint on February 14, 2011. (Doc. 19).

Plaintiff did not file timely opposition to Defendant's motion. Local Rule 230(c) requires opposition to be filed no less than fourteen days preceding the noticed hearing date. E.D. Cal. R. 230(b).

## II. FACTUAL BACKGROUND.

Defendant is engaged in "mortgage activities." On June 10, 2009, Plaintiff entered into a "Trial Loan Modification Plan" with Defendant ("the Plan"). Pursuant to the Plan, Plaintiff was

1

required to make three trial payments; Plaintiff made nine payments.

On June 16, 2010, Plaintiff received another solicitation from Defendant for a loan modification plan. On June 22, 2010, Plaintiff spoke with Defendant and was assured that his loan modification would be processed and reviewed. On June 26, 2010, Plaintiff re-sent the paperwork to Defendant for the loan modification.[1] (Id.).

On or about June 29, 2010, Defendant conducted a trustee sale on Plaintiff's property. (Id.).

### III. **LEGAL STANDARD**.

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

---

[1] The complaint is ambiguous regarding which modification plan this allegation pertains to.

**2**

1       The Ninth Circuit has summarized the governing standard, in
2 light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to
3 survive a motion to dismiss, the nonconclusory factual content, and
4 reasonable inferences from that content, must be plausibly
5 suggestive of a claim entitling the plaintiff to relief." *Moss v.*
6 *U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal
7 quotation marks omitted). Apart from factual insufficiency, a
8 complaint is also subject to dismissal under Rule 12(b)(6) where it
9 lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or
10 where the allegations on their face "show that relief is barred"
11 for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct.
12 910, 166 L.Ed.2d 798 (2007).

13       In deciding whether to grant a motion to dismiss, the court
14 must accept as true all "well-pleaded factual allegations" in the
15 pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not,
16 however, "required to accept as true allegations that are merely
17 conclusory, unwarranted deductions of fact, or unreasonable
18 inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988
19 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss,
20 if a district court considers evidence outside the pleadings, it
21 must normally convert the 12(b)(6) motion into a Rule 56 motion for
22 summary judgment, and it must give the nonmoving party an
23 opportunity to respond." *United States v. Ritchie*, 342 F.3d 903,
24 907 (9th Cir.2003). "A court may, however, consider certain
25 materials-documents attached to the complaint, documents
26 incorporated by reference in the complaint, or matters of judicial
27 notice-without converting the motion to dismiss into a motion for
28 summary judgment." *Id.* at 908.

**3**

**IV. DISCUSSION.**

**A. First Cause of Action: Wrongful Foreclosure**

Plaintiff's first cause of action alleges "wrongful foreclosure" based on Defendants' "acts of misrepresentations [sic] and fraud as to the sale of the property." (FAC at 5). Plaintiff's legal theory is unclear, but Plaintiff does not allege any actionable misrepresentation with any nexus to the foreclosure sale, in any event. Further, although Plaintiff asserts that "Plaintiff spoke with Defendant and was assured that his loan modification would be processed and reviewed," this statement does not suggest that Plaintiff's application would actually be approved, or that a loan modification was agreed to, or that foreclosure would not take place due to the processing and reviewing of Plaintiff's application. Finally, to the extent Plaintiff's claim is predicated on allegations of fraud, the FAC does not meet the requirements of Federal Rule of Civil Procedure 9(b). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted). Allegations of fraud must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Id*. (internal quotation marks omitted). The "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted).

///

**B. Second Cause of Action: Promissory Estoppel**

The elements of a promissory estoppel claim are (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance. *E.g., Aceves v. U.S. Bank N.A.*, 192 Cal. App. 4th 218, 227 (Cal. Ct. App. 2011). *Inter alia*, Plaintiff fails to allege an unambiguous promise. Defendants purported promise that Plaintiff's application would be "processed and reviewed" was not an unambiguous promise that the application would be approved, the loan modified, or that foreclosure would not occur.

**C. Third Cause of Action: Unfair Business Practices**

California law prohibits unfair competition including "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 1700 et seq. ("UCL"). Because the statute is written in the disjunctive, it applies separately to business acts or practices that are (1) unlawful, (2) unfair, or (3) fraudulent. *See Pastoria v. Nationwide Ins.*, 112 Cal.App.4th 1490, 1496, 6 Cal. Rptr. 3d 148 (Cal.Ct.App. 2003). Each prong of the UCL is a separate and distinct theory of liability. *See id.*

The memorandum decision dismissing the UCL claim Plaintiff advanced in the original complaint provides in part:

> The complaint alleges that Defendant engaged in an unfair business practice, however, the complaint fails to identify such practice. To the extent the UCL claim is predicated on Plaintiff's allegations of wrongful foreclosure, fraud, or breach of contract, it is insufficient for the reasons stated above.

(Doc. 14 at 7). The FAC suffers from the same deficiency that

required dismissal of the original complaint. The FAC does not identify any unfair, unlawful, or fraudulent practice. Plaintiff has not sufficiently alleged fraud or misrepresentation.

**E. Fourth Cause of Action: Misrepresentation**

Plaintiff's misrepresentation cause of action is predicated on his conclusory allegation that Defendants committed fraud. The FAC does not sufficiently allege fraud under Federal Rule of Civil Procedure 9(b). Further, Plaintiff alleges only that he was told his application would be reviewed and considered; he does not allege that his application was not in fact reviewed or considered. Nor does Plaintiff allege any justifiable reliance on the alleged misrepresentation resulting in damages.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Defendant's motion to dismiss the complaint is GRANTED in its entirety;
2) Plaintiff's complaint is DISMISSED, WITH PREJUDICE;
3) Defendants shall submit a form of order consistent with this Memorandum Decision within five (5) days following electronic service of this decision. There shall be no further amendments.

IT IS SO ORDERED.

**Dated:   April 12, 2011**              /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE